UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DEREK MITCHELL** | : | **CIVIL ACTION NO.: 05-1192** |
| **VERSUS** | : | **JUDGE: STAGG** |
| **RAY HANSON, ET AL.** | : | **MAGISTRATE JUDGE: HORNSBY** |

**DEFENDANTS' MEMORANDUM
IN OPPOSITION TO
PLAINTIFF'S NOTICE OF APPEAL**

**MAY IT PLEASE THE COURT:**

The defendants, Ray Hanson, Jamie Fussell, Venetia T. Michael, Jerry Goodwin, Angie Huff and Richard L. Stalder, assert that the plaintiff, Derek Mitchell, did not timely file his notice of appeal pursuant to Rule 4(c)(1) of the Federal Rules of Appellate Procedure for the reasons set forth below.

Plaintiff Derek Mitchell is a convicted prisoner housed at David Wade Correctional Center. He filed a civil rights action, and this Court signed a judgment on May 24, 2007, denying relief and dismissing the plaintiff's lawsuit with prejudice. Rec. Docs. 1 and 35.[1] The plaintiff filed a notice of appeal on July 12, 2007. Rec. Doc. 36. The United States Fifth Circuit Court of Appeals noted a question with regard to the timeliness of the appeal, and the Fifth Circuit remanded the case to this Court to make a determination with regard to the timeliness of the plaintiff's appeal. Rec. Doc. 42, pages 1-2.

Rule 4(c)(1) of the Federal Rules of Appellate Procedure sets forth a "mailbox rule" for prisoners who file a notice of appeal. Rule 4(c)(1) provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or criminal case, the notice is timely if it is deposited in the institution's internal mail

---

[1] Record documents are incorporated by reference as if attached hereto.

system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

The Fifth Circuit stated in its remand order that the final day for filing a timely notice of appeal was June 25, 2007. Rec. Doc. 42, page 1. The plaintiff's notice of appeal is dated, above his signature, June 5, 2007, but his notice of appeal was not postmarked until July 9, 2007. Rec. Doc. 36, pages 8-9. The Clerk of Court for the Fifth Circuit received the notice of appeal on July 12, 2007 and forwarded the notice of appeal to the Clerk of Court for the United States District Court, Western District of Louisiana. *Id.* at pages 1, 10. The Fifth Circuit noted the aforementioned dates and wrote:

> From the record before us we are unable to determine if the prisoner timely placed his notice of appeal in the prison mail system. A prisoner's *pro se* notice of appeal is deemed filed at the moment it is delivered to the prison authorities for forwarding to the district court. We thus remand the case to the district court to determine from the prison mail logs or other evidence the date on which the prisoner placed the notice in the prison mail system, and to return the case to this court for further action or dismissal, as may be appropriate. (Citations omitted). Rec. Doc. 42, pages 1-2.

After the remand, this Court issued an order that granted the plaintiff "until Wednesday, November 14, 2007, to file all prison mail receipts and records, affidavits, declarations or other evidence that he contends is relevant to when his notice of appeal was deposited in the prison's internal mail system with first-class postage prepaid". Rec. Doc. 43, page 1. Furthermore, said order stated that "[t]he defendants may file any evidence or memorandum in response to [the plaintiff's] submissions by Monday, December 3, 2007". *Id.*

In response to this Court's memorandum order, the plaintiff submitted the following items: (1) an *ex parte* letter dated November 12, 2007 and directed to the Honorable Tom Stagg, United States District Judge; and (2) a copy of the plaintiff's "appeal to the 5th Circuit Court of

Appeals" attached to the November 12, 2007 letter. Rec. Doc. 46. In his November 12, 2007 letter, the plaintiff claims that the copy of his "appeal to the 5th Circuit Court of Appeals" shows "that it was filed on June 5th of this year". Rec. Doc. 46, page 1. However, the defendants assert that the resubmission of the plaintiff's notice of appeal, which timeliness is at issue, is not sufficient to show when his notice of appeal was deposited in the prison's internal mail system, as evidenced by the remand of this case by the Fifth Circuit to this Court.

Furthermore, the defendants assert that the plaintiff failed to timely file his notice of appeal. In support of their assertion that the plaintiff failed to timely file his notice of appeal, the defendants submit the following evidence: (1) Inmate Posted Policy #55 titled "Mail"; and (2) the affidavit of Judy Lofton (an Accounting Specialist II at David Wade Correctional Center) with the attached copy of the *Inmate Funds Withdrawal Request* submitted by the plaintiff for the certified mailing of legal documentation to the Fifth Circuit and with the attached copy of the page of the certified mail log book noting the mailing of the plaintiff's legal documentation to the Fifth Circuit.

Inmate Posted Policy #55, which is titled "Mail", outlines the procedure for incoming and outgoing mail for inmates. Inmate Posted Policy #55 provides in part:

> 8. Inmates will be allowed to follow either one of the two following procedures when sending out packages, legal mail, mail, etc.
>
> a. Affix sufficient amount of postage to item/items being mailed out, including amount if to be certified, return receipt or both. Insufficient postage will be returned to inmate for additional postage. There will be no reimbursement of excess postage.
>
> b. Signed drawslips are to be sent with item/items for exact postage to be withdrawn from inmate's account.

In her affidavit, Judy Lofton testified in part as follows:

2.     That as an Accounting Specialist II, she is familiar with the procedure with regard to handling legal documentation submitted for mailing by inmates housed at David Wade Correctional Center.  Her duties require her to receive the legal mail submitted for mailing by the inmate; weigh the legal mail for correct postage; and verify that the inmate has adequate funding in his inmate account to cover payment for the amount of postage due.  The legal mail is then forwarded to the mail room for the correct postage to be placed on the legal mail before the legal mail is forwarded from David Wade Correctional Center to the United States Post Office.

3.     That she is also the Custodian of the record log book for legal documentation submitted for certified mailing by inmates housed at David Wade Correctional Center.

….

   b.    That during the period between May 24, 2007 and July 12, 2007, she located only one *Inmate Funds Withdrawal Request* submitted by inmate Derek Mitchell.  Inmate Derek Mitchell submitted the *Inmate Funds Withdrawal Request* for mailing legal documentation to the United States Fifth Circuit Court of Appeals via certified mail.

   c.    Inmate Derek Mitchell did not complete the section titled "Date of Request" on the *Inmate Funds Withdrawal Request*.  Therefore, at the top of the *Inmate Funds Withdrawal Request* submitted by inmate Derek Mitchell, she wrote "received & processed 07-09-07 JgL" on the date that she received the paperwork from inmate Mitchell.

   d.    That David Wade Correctional Officers verified that the *Inmate Funds Withdrawal Request* was being submitted by inmate Derek Mitchell by obtaining both his signature and his right thumb print on the *Inmate Funds Withdrawal Request*.

   e.    That she received and processed the legal documentation with the *Inmate Funds Withdrawal Request* of inmate Derek Mitchell on July 9, 2007.  On July 9, 2007, inmate Derek Mitchell was charged the amount of FIVE AND 38/100 ($5.38) DOLLARS for the mailing of the certified mail package to the United States Fifth Circuit Court of Appeals.  On July 10, 2007, the amount of FIVE AND 38/100 ($5.38) DOLLARS was placed in the computer to be withdrawn from the inmate bank account of inmate Derek Mitchell to cover the payment of postage for legal mail submitted by inmate Derek Mitchell for certified mailing.

   f. That because the legal documentation submitted by inmate Derek Mitchell was mailed to the United States Fifth Circuit Court of Appeals via certified mail, Ms. Lofton, as the Custodian of the record log book for certified mail, was responsible for logging in the certified mailing on behalf of inmate Derek Mitchell to the United States Fifth Circuit Court of Appeals.

   g. That she made the following entry on page 35 of the record log book for certified mail with regard to inmate Derek Mitchell's package to the United States Fifth Circuit Court of Appeals: "07-09-07 D. Mitchell 308448 (5th Circuit U.S.CofA) 5.38 7004 2510 0007 2385 5476". She also placed the aforementioned certified mail number on the *Inmate Funds Withdrawal Request* submitted by inmate Derek Mitchell in connection with the mailing of his legal documentation to the United States Fifth Circuit Court of Appeals.

   h. That as an Accounting Specialist II who has received and processed legal mail submitted by inmates housed at David Wade Correctional Center for almost eight (8) years, and based on the documentation attached to her affidavit, she stated that the legal documentation submitted by inmate Derek Mitchell for mailing to the United States Fifth Circuit Court of Appeals was received and processed within the normal time period for receiving and processing inmate legal mail, which is approximately two (2) to three (3) days.

In addition to the testimony of Ms. Lofton and the attachments to her affidavit, the defendants respectfully direct the attention of the Court to the postmarked envelope used for mailing the plaintiff's notice of appeal. Rec. Doc. 36, page 9. Said postmarked envelope is dated July 9, 2007 and is addressed to the "5th Circuit Court of Appeals" via certified mail, with the identifying certified mail number "7004 2510 0007 2385 5476". *Id.* As stated previously, the plaintiff originally mailed his notice of appeal to the Fifth Circuit, and his notice of appeal was then forwarded to this Court. Rec. Doc. 36, page 10.

  This Court has permitted both parties an opportunity to submit evidence on the issue of when the plaintiff tendered his notice of appeal to prison officials for mailing. As the appellant, the plaintiff bears the burden of establishing appellate jurisdiction over his appeal. *Acoustic Systems, Inc. v. Wenger Corporation*, 207 F.3d 287, 289 (5th Cir. 2000). The United States Fifth Circuit Court of Appeals has stated that the final day for filing a timely notice of appeal was June

25, 2007. The testimony and supporting documentation submitted by the defendants show that the plaintiff did not deliver his notice of appeal to prison officials until July 9, 2007. Furthermore, the defendants contend that the plaintiff has submitted no competing evidence with regard to the delivery date of his notice of appeal to prison officials. Consequently, the defendants assert that the plaintiff has failed to satisfy his burden of establishing appellate jurisdiction over his appeal. Thus, the plaintiff's appeal should be dismissed because the plaintiff failed to timely file his notice of appeal in accordance with Rule 4(c)(1) of the Federal Rules of Appellate Procedure.

        Respectfully submitted,

        CHARLES C. FOTI, JR.
        Attorney General

        BY:    <u>s/Adrienne D. White</u>
                Adrienne D. White
                Assistant Attorney General
                Attorney ID #29699

        LOUISIANA DEPARTMENT OF JUSTICE
        Litigation Division
        330 Marshall Street, Suite 777
        Shreveport, Louisiana 71101
        Telephone:    (318) 676-5735
        Facsimile:     (318) 676-5703
        E-mail:        whitea@ag.state.la.us

        ATTORNEY FOR DEFENDANTS

## C E R T I F I C A T E

I hereby certify that on November 30, 2007, a copy of the foregoing *Defendants' Memorandum in Opposition to Plaintiff's Notice of Appeal* was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participant:

Derek Mitchell, pro se
DOC# 308448
David Wade Correctional Center
670 Bell Hill Road
Homer, Louisiana 71040

A courtesy copy of this filing has been mailed by United States Postal Service to the Honorable Tom Stagg, United States District Judge, and to the Honorable Mark L. Hornsby, United States Magistrate Judge.

        CHARLES C. FOTI, JR.
        Attorney General

BY:    s/Adrienne D. White
        Adrienne D. White
        Assistant Attorney General
        Attorney ID #29699

LOUISIANA DEPARTMENT OF JUSTICE
Litigation Division
330 Marshall Street, Suite 777
Shreveport, Louisiana 71101
Telephone:    (318) 676-5735
Facsimile:    (318) 676-5703
E-mail:    whitea@ag.state.la.us

ATTORNEY FOR DEFENDANTS