U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

DEC 20 2007

ROBERT H. SHE[MWELL], CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DEREK MITCHELL

versus                                           CIVIL ACTION NO. 05-1192
                                                 JUDGE TOM STAGG
RAY HANSON, ET AL.

## MEMORANDUM ORDER

Derek Mitchell ("Mitchell") is a convicted prisoner housed at David Wade Correctional Center. He filed a civil rights action, and this court entered judgment on May 24, 2007, granting the defendants' motion for summary judgment and dismissing the case. Mitchell filed a notice of appeal. The Fifth Circuit Court of Appeals noted a question about the timeliness of the appeal, and it remanded the case to this court to make a determination as to timeliness. The court finds that Mitchell did not timely file his notice of appeal.

Federal Rule of Appellate Procedure 4(c)(1) sets forth a "mailbox rule" for prisoners who file a notice of appeal. It provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely

> filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

The Fifth Circuit stated in its remand order that the final day for filing a timely notice of appeal was June 25, 2007. Mitchell's notice is dated, next to his signature, June 5, 2007, but it was not postmarked at the Homer, Louisiana post office until July 9, 2007. The Fifth Circuit noted that the notice of appeal was filed in the district court on July 12, 2007. It also noted those dates and wrote:

> From the record before us we are unable to determine if the prisoner timely placed his notice of appeal in the prison mail system. . . . We thus remand the case to the district court to determine from the prison mail logs or other evidence the date on which the prisoner placed the notice in the prison mail system. . . .

Record Document 42.

After the remand, the undersigned issued an order that granted Mitchell approximately two weeks to file all prison mail receipts and records, affidavits, declarations or other evidence that he contends is relevant to when his notice of appeal was deposited in the prison's internal mail system. The defendants were permitted a similar opportunity to file any evidence. Mitchell filed only a letter to the court, attaching his original notice of appeal, which he contends will prove that his "appeal was indeed filed on time before the expiration date had expired." Record Document 46. The defendants submitted a brief containing attachments that included

an inmate posted policy[1] concerning mail, an affidavit from a prison employee, an inmate funds withdrawal request submitted by Mitchell, and a record of outgoing certified mail. The prison employee, Judy Lofton ("Lofton"), testified that she is familiar with the procedure used for handling legal documentation that is submitted by inmates for mailing, and that her duties require her to "receive the legal mail submitted for mailing by the inmate." Record Document 47, Ex. B at 1. She further testified that she is also the "[c]ustodian of the record log book for legal documentation submitted for certified mailing by inmates housed at David Wade Correctional Center." Id.

The affiant submitted a copy of an Inmate Funds Withdrawal Request form by which Mitchell requested legal postage for a 2 oz. "legal letter sent certified with return receipt" to Fifth Circuit Court of Appeals Clerk of Court. Mitchell, however, did not complete the section titled "Date of Request" on the form and thus Lofton wrote "received & processed 07-09-07 JgL" on the date she received the paper work from Mitchell. Record Document 47, Exs. B & B(1). Lofton further testified that on July 9, 2007, she made an entry in the record log book for certifiied mail as to Mitchell's letter, and that Mitchell's mail was "received and processed within the normal time period for receiving and processing inmate legal mail, which is

---

[1] Inmate Posted Policy #55, which is titled "Mail," outlines the procedure for incoming and outgoing mail for inmates.

approximately two (2) to three (3) days." Id., Ex. B.

This court has provided both parties an opportunity to submit evidence on the issue of when Mitchell tendered his notice of appeal to prison officials for mailing. As the appellant, Mitchell bears the burden of establishing appellate jurisdiction over his appeal. See Acoustic Systems, Inc. v. Wenger Corp., 207 F.3d 287, 289 (5th Cir. 2000). The Court of Appeals has stated that the final day for filing a timely notice of appeal was June 25, 2007. The testimony submitted by the defendants is that Mitchell did not deliver the notice to prison officials until July 9, 2007, and there is no competing evidence.[2] Mitchell has not satisfied his burden. His notice of appeal was not timely filed.

Accordingly, the court finds that Mitchell's notice of appeal was not timely filed. The Clerk of Court is directed to return this case to the Fifth Circuit Court of Appeals for further proceedings consistent with this finding.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 20th day of December, 2007.

JUDGE TOM STAGG

---

[2] Mitchell filed a response to the defendants' opposition to his notice of appeal. See Record Document 48. However, this filing does not alter the court's conclusion that his notice of appeal was not timely filed. Mitchell's response does not contain any competent *evidence* of timely filing, despite his assertions to the contrary.